—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered September 12, 2006, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officials.
Ordered that the judgment is affirmed.
The defendant’s contention that his inculpatory statements *1110 should have been suppressed because the Yonkers police officers who arrested him had no authority to arrest him in Massachusetts is unpreserved for appellate review (see CPL 470.05 [2]; People v Rogers, 34 AD3d 504 [2006]; People v Catoe, 181 AD2d 905 [1992]). In any event, his contention is without merit, as the Yonkers police officers were actively assisted in apprehending him by Massachusetts police officers (see People v Johnson, 303 AD2d 903, 905-906 [2003]; People v Perea, 182 AD2d 718, 719 [1992]; People v Wallace, 155 AD2d 708, 709-710 [1989]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The sentence imposed was not excessive (see CPL 470.15 [2] [c]; [6] [b]; 470.20 [6]; People v Thompson, 60 NY2d 513, 519 [1983]; People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.